O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4379 AHM (SHx) | Date | June 22, 2010 |
|---|---|---|---|
| Title | ROBERT DAVIS, *et al.* v. WEGER MORTGAGE CORPORATION, *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:**   IN CHAMBERS (No Proceedings Held)

   On June 14, 2010, Defendants Mortgage Electronic Registration Systems, Inc., US Bank, and JP Morgan Chase Bank, N.A. removed this action from state court on the basis of federal question jurisdiction, 28 U.S.C. § 1331. The operative pleading that defendants removed (the First Amended Complaint) asserts seven causes of action for: (1) wrongful foreclosure; (2) cancellation of trust deed; (3) quiet title pursuant to Cal. Code Civ. Proc. §§ 760.020, 760.030 and 761.020; (4) violation of Cal. Bus. & Prof. Code §§ 17200 *et. seq.*; (5) breach of fiduciary duty; (6) fraud in the inducement; and (7) declaratory relief pursuant to Cal. Code Civ. Proc. § 1060.

   A federal court must determine its own jurisdiction even if there is no objection to it. *Rains v. Criterion Sys., Inc.,* 80 F.3d 339 (9th Cir. 1996). Jurisdiction must be determined from the face of the complaint. *Caterpillar, Inc. v. Williams,* 482 U.S. 386 (1987). A federal court has jurisdiction over claims "arising under" federal law. 28 U.S.C. § 1331. The federal question must be clear from the well-pleaded complaint; a responsive pleading such as a counterclaim, cross-claim, or third-party claim cannot form the basis for federal question jurisdiction. *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826 (2002); *see also* 2 Schwarzer, Tashima & Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial* § 704.5 (The Rutter Group 2004). A court may *sua sponte* remand a case to state court for lack of subject matter jurisdiction without briefing or hearing if the lack of jurisdiction is clear. *Cooper v. Washington Mut. Bank*, 2003 WL 1563999 (N.D. Cal. 2003); 2 Schwarzer, Tashima & Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial* § 1092 (The Rutter Group 2004). The removal statute is strictly construed against removal and the burden of establishing jurisdiction in the federal forum rests on the party invoking the statute—here, Defendants. *Ethridge v.*

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4379 AHM (SHx) | Date | June 22, 2010 |
|---|---|---|---|
| Title | ROBERT DAVIS, *et al*. v. WEGER MORTGAGE CORPORATION, *et al*. | | |

*Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).

In this case, Defendants have not established the existence of federal question jurisdiction.

On its face, the First Amended Complaint does not present a federal question. California law creates the causes of action under which Plaintiff has chosen to seek relief. In the Notice of Removal, Defendants assert that the fourth cause of action for violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 "arises under" federal law because it is predicated, in part, on allegations that Defendants violated the Real Estate Settlement Procedures Act, 12 U.S.C. § 2604 *et seq*. and the Truth in Lending Act, 15 U.S.C. § 1601.  However, Plaintiff's fourth cause of action is also predicated on Defendants' alleged violation of state law.  In determining whether federal jurisdiction attaches to a state law claim that is predicated on violations of federal law, a court must examine whether the "state-law claim[s] necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314 (2005).  "When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Rains v. Criterion Sys., Inc.,* 80 F.3d 339, 346 (9th Cir. 1996).  Here, Plaintiff's UCL claim is predicated on violations of state as well as federal law; thus, it can be supported by alternate and independent state law theories and does not necessarily depend on resolution of an actual and disputed federal issue.  *See Ricano v. Aurora Loan Servicing*, No. CV 09-1989-SJO, 2009 WL 1096042 (C.D. Cal. April 22, 2009) (federal jurisdiction does not attach where state-law claim for predatory lending is predicated on violations of state and federal law); *Cottrell v. Old Republic Title Ins. Co.*, No. C 07-0852 MMC, 2007 WL 951278 *1 (N.D. Cal. Mar. 27, 2007) (concluding that federal jurisdiction "cannot be established where a plaintiff's state law claims are based on violations of both federal and state law, because, under such circumstances, 'federal law is not a necessary element of the claim'") (quoting *Rains*, 80 F.3d at 346); *California v. H&R Block, Inc.*, No. C06-2058-SC, 2006 WL 2669045 (N.D. Cal. Sept. 18, 2006) (incorporation of TILA violation into claim for violation of § 17200 does not "arise under" federal law).

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4379 AHM (SHx) | Date | June 22, 2010 |
|---|---|---|---|

| Title | ROBERT DAVIS, *et al.* v. WEGER MORTGAGE CORPORATION, *et al.* |
|---|---|

     Moreover, the federal issues raised in Plaintiff's claims—all of which are state law causes of action—do not reach the level of substantiality to support the exercise of federal jurisdiction. *See Grable*, 545 U.S. at 314 ("[T]he presence of a disputed federal issue and the ostensible importance of a federal forum are never necessarily dispositive; there must always be an assessment of any disruptive portent in exercising federal jurisdiction."). Because Defendants have failed to establish a "compelling federal judicial interest in embracing this case as a federal question," *see Campbell v. Aerospace Corp.*, 123 F.3d 1308, 1315 (9th Cir.1997), the Court finds that they have not met their burden of showing that removal was proper on the basis of federal question jurisdiction.

     Accordingly, the Court *sua sponte* REMANDS the action to Los Angeles Superior Court.

|  | : |  |
|---|---|---|
| Initials of Preparer | SMO |  |

**JS-6**